```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Naqis Crochran by his next    :
Best Friend, Amatullah
Shields, et al.,              :

        Plaintiffs,            :

     v.                        : Case No. 2:15-cv-632

Columbus Board of Education,
et al.,                        : CHIEF JUDGE EDMUND A. SARGUS, JR.
                                 Magistrate Judge Kemp
        Defendants.            :
```

OPINION AND ORDER

This matter is before the Court on several discovery-related motions.  Plaintiffs Naqis Crochran, by his next friend Amatullah Shields, and Ms. Shields - Naqis' mother, who has asserted claims in her own right - have filed a motion to compel discovery directed to defendants Columbus Board of Education and employees of the Columbus City School District.  Plaintiffs have also filed a motion to compel directed to the Columbus Police Department, a non-party, seeking subpoenaed documents.  Also before the Court is a motion to quash subpoenas filed by the Franklin County Children Services Board, and Plaintiffs' corresponding motion to compel included within their response.  The motions have been fully briefed and the Court resolves them as follows.

I.

Plaintiff Naqis Crochran is an autistic child and special education student attending South Mifflin STEM Academy.  The complaint alleges that his rights were violated when he was placed in a "body sock" in what defendants claim was an effort to control his unruly behavior.  He was injured as a result.  Plaintiffs claim that the use of the sock was not in Naqis' IEP

and that it constituted illegal restraint.  Plaintiffs filed this case under 42 U.S.C. §1983, the IDEA, the ADA, and the Rehabilitation Act.  They also assert several state law claims.  Plaintiffs named as defendants Columbus City Schools; Columbus Board of Education; Andrew Smith, the school principal; Courtney N. Plummer, an intermediate MD teacher; Mary Nicole Ramming, RN, the school nurse; and Miss Brooks and Laura Shearer, both identified as teachers.

II.

The first discovery motion the Court will address is Plaintiffs' motion to compel directed to the defendants.  In this motion, Plaintiffs contend that the defendants have delivered inadequate responses to the first set of interrogatories and document responses, including specifically, Interrogatory Nos. 1 and 10-12 and Request for Production of Documents No. 3.  In response, Defendants assert that they have provided a further response to Interrogatory No. 1.  In reply, Plaintiffs appear to concede that defendants have provided an answer to Interrogatory No. 1.  This leaves the following discovery requests and responses at issue:

>    Interrogatory No. 10: State whether Columbus City Schools trained any of the persons named as Defendants in the Complaint to work with autistic children.
>
>    Answer: Objection, overbroad and unduly vague with regard to the use of the term "to work with."  Without waiving said objection, all relevant persons are trained with regard to their college degrees and/or certifications, and in addition thereto, annually provided training concerning crises prevention intervention.
>
>     Interrogatory No. 11.  State how Columbus City Schools trained any of the persons named in the Complaint to work with autistic children.
>
>    Answer: See response to Interrogatory No. 10 above.

>      Interrogatory No. 12.  State how Columbus City Schools determined that any of the persons named as Defendants in the Complaint were qualified to work with autistic children.
>
>      Answer: Objection, overbroad and unduly vague as to the use of the term "to work with".  Without waiving said objection, all relevant persons qualify through the degrees, certifications and update annual CPI training.
>
>      Request for Production No. 3.  Produce for inspection and/or copying the Columbus Public Schools employee handbook, personnel policy manuals, procedure manuals, employee rules, and supervisor's handbooks in effect at the time the events described in the Complaint occurred.
>
>      Response: Objection, overbroad, unduly vage, unduly burdensome, and not reasonably narrowed to the issues in this case.  If Plaintiff is more specific as to which relevant policy/manuals are being requested, Defendants are willing to supplement this response.

Plaintiffs argue that following a telephone conference with the undersigned Magistrate Judge, Defendants have failed to properly respond despite the demonstrated unambiguous nature of the requests and the invalidity of the objections.

Defendants, on the other hand, have a different recollection of the discovery conference.  They assert that they have answered all of the interrogatories properly and that Plaintiffs have ignored their repeated requests to narrow the scope of Request for Production No. 3.  More specifically, they contend that Interrogatory No. 10 required only a "yes" answer but that they provided more information in response.  With respect to Interrogatory No. 11, they assert that they answered with specificity and that Plaintiffs are free to depose relevant individuals for further detail.  As for Interrogatory No. 12, they contend that they answered truthfully despite the Plaintiffs' vague use of the phase "to work with."  With respect

-3-

to Request for Production No. 3, they assert that they are willing to supplement their response once Plaintiffs narrow the scope of the request.

This motion to compel does not require much discussion. The discovery requests relate to the training of the five individual defendants - three teachers, a nurse, and a principal. Turning to Interrogatory No. 10, the Court agrees with Defendants that it is worded in a way as to only require a yes or no answer. Defendants' response indicates that these individual defendants receive training. Consequently, the motion to compel will be denied as to this interrogatory.

Interrogatory No. 11, on the other hand, appears intended to elicit further information related to the response to Interrogatory No. 10. The Defendants have provided little in the way of explanation as to how or what specific training has occurred. It may be that each individual's training differed according to his or her specific job duties. The Defendants' blanket response does not acknowledge this possibility. Further, to the extent Interrogatory No. 11 asks about training provided by the Columbus City Schools, an answer that the Defendants received college or certification training does not seem particularly responsive. The Defendants do, however, make cursory reference to "annually provided training concerning crises prevention intervention." To the extent that this is training provided by Columbus City Schools, the Defendants have not supplied any detail or explanation regarding the training. Such information would, at a minimum, include the length of the training, its subject matter, materials provided, and background on the instructors. Further, this interrogatory may require a response which distinguishes between the individual defendants depending upon their different job duties. Consequently, the motion to compel will be granted as to Interrogatory No. 11

In response to Interrogatory No. 12, Defendants take issue with the meaning of the term "to work with." A reasonable interpretation of this phrase requires only a common sense approach which takes into account the specific job duties of each the five individual defendants. In their blanket, cursory response, this is not the approach taken by the Defendants. This interrogatory is broader in scope than Interrogatory No. 11 and requires some explanation of training beyond that provided by Columbus City Schools, including college degrees or certifications. The response, as unique to each individual, may need to identify qualifications specifically for each of the five individual defendants. Consequently, the motion to compel will be granted as to Interrogatory No. 12.

Further, the motion to compel will be granted as to Request for Production No. 3. Following the discovery conference Plaintiffs advised Defendants that they "are looking for any and all documents in the defendants' possession that govern[], control[], instruct[], or direct[] defendants' conduct toward Naqis Crochran." Moreover, this request should be read as limited by the allegations regarding defendants' conduct toward Naqis Crochran as contained in the complaint. Consequently, Defendants will be directed to respond to this request accordingly.

Finally, the Court notes that Plaintiffs have requested an award of attorneys' fees as a sanction in connection with the motion to compel. The Court finds that, under the circumstances presented, an award of sanctions would be unjust, although it is hard to characterize Defendants' responses as being designed to secure the "just, speedy, and inexpensive determination" of the case - something the parties are required to employ under Fed.R.Civ.P. 1. Consequently, the Court will deny Plaintiffs' request for an award of attorneys' fees incurred in connection

with filing the motion to compel.

### III.

The Franklin County Children Services Board has moved to quash subpoenas issued to FCCS employee Jamie Chambers, FCCS supervisor Rose Tackett, and the FCCS Keeper of Records seeking "case file, case notes, summaries, emails, interviews, recordings, [and] documents pertaining to Naqis Crochran investigation of Child Abuse/Neglect received on 2/25/13 Substantiated." It contends that this information is privileged by statute. In support of its motion, FCCS explains that Ohio Rev. Code §5153.17 imposes a duty on it to keep its records confidential and that it has no duty under other statutory provisions to allow inspection of its investigation reports. Further, it cites to Ohio Rev. Code §2151.421(H), which prohibits the unauthorized release of abuse and neglect report information, and subsection (H)(1), which states that any report made under that section is confidential.

FCCS argues that this Court should honor the statutory confidentiality which attaches to the records and should not require their production. It notes that Plaintiffs have requested "an entire FCCS file, which may include information concerning parties who are strangers to this case as well as details of the child's life which has no relevance to this case," but does not otherwise seriously contest the relevance of the requested documents. It also asserts that the substantial equivalent of these records is otherwise available through ordinary discovery methods. As an alternative, FCCS requests that the Court order an in camera inspection to determine whether these records should be produced. In offering this alternative, FCCS recognizes that the Court has the "inherent power to order disclosure" of the requested records as long as (1) they are relevant; (2) good cause has been established; and (3) the

admission of the information sought outweighs any confidentiality considerations.

In response, Plaintiffs explain that they served the subpoenas at issue in order to obtain additional information after FCCS provided their counsel with a letter dated March 27, 2013. According to plaintiffs, this letter was addressed to Gene T. Harris at Columbus City Schools regarding "a report of alleged Neglect of Naqis Crochran by Courtney Plummer" at South Mifflin STEM Academy. Further, this letter stated that "[a]fter all individuals were interviewed, the allegation of Neglect has been Substantiated." Plaintiffs have attached a copy of the letter to their response as Exhibit A. Plaintiffs contend that they are entitled to this information despite state statutory requirements of confidentiality because their interest in the information outweighs any such concerns. They contend that this information must be produced because it is clearly relevant to all of their federal claims, they have established good cause, and the admission of such information outweighs the confidentiality considerations.

In reply, FCCS primarily reiterates the arguments from its motion. Further, it notes that, to the extent Plaintiffs have demonstrated relevance, that is only one of the factors to be considered by the Court. FCCS contends that a finding of good cause for production of the documents requires that disclosure be in the best interest of the child. FCCS contends that the best interest of this particular child is served by confidentiality.

When dealing with a similar state statute which creates a privacy interest in certain records, this Court stated that:

> To the extent that this statute may create a state law privilege for certain student information, such a privilege would not be binding on this Court under Fed.R.Evid. 501. In federal cases dealing with a federal question, Rule 501 states that privilege "shall be governed by the principles of the common law as they

-7-

> may be interpreted by the courts of the United States in the light of reason and experience." Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir.1992); see also Nilavar v. Mercy Health System-Western Ohio, 210 F.R.D. 597 (S.D. Ohio 2002). Further, the existence of pendent state law claims does not relieve the Court of "[the] obligation to apply the federal law of privilege." Id.

Smith v. Southwest Licking School Dist. Bd. of Educ., 2010 WL 3910487, *3 (S.D. Ohio Oct. 1, 2010).

Consistent with the above, FCCS recognizes that the Court has the power to order the production of these records despite the confidentiality provisions of various Ohio statutes. In fact, this Court has previously ordered the production of documents withheld on the basis of Ohio Rev. Code §2151.421 or §5153.17, holding that there is no federally-based privilege for such records. See, e.g., Wenk v. O'Reilly, 2012 WL 4089892 (S.D. Ohio Sept. 17, 2012). FCCS, however, contends that the Court must undertake an in camera inspection and a balancing of interests before ordering disclosure.

To the extent that a balancing test is necessary, the balance of interests weighs in favor of discovery given the clear relevance of the requested information to Plaintiff's constitutional claims - relevance which FCCS does not dispute. Moreover, it seems that, under the circumstances presented here, the best interest of the child involved is served by the production of these documents.

Further, while the Court recognizes that in some instances an in camera inspection of the documents at issue may be necessary, the Court declines to undertake one here. Rather, given that the documents addressed by this order are limited in scope and pertain only to the events at South Mifflin STEM Academy in February, 2013, involving plaintiff Naqis Crochran,

the Court does not find any need to undertake such an inspection before ordering their production. Consequently, the Court will order that these documents be produced without redaction under whatever level of confidentiality the parties agree is appropriate. If the parties cannot agree as to confidentiality, they may contact the Court. To this extent, the motion to quash will be denied and the corresponding motion to compel will be granted.

IV.

Plaintiffs have also moved to compel the Columbus Police Department, a non-party, to produce documents sought pursuant to a subpoena relating to "case notes, summary, videos, recordings, documents pertaining to investigation of Courtney N. Plummer for Child Endangering involving child victim Naqis Crochran." In response to the subpoena, Sgt. John Hurst of the Columbus Police Special Victims Bureau responded stating "I was contacted by our Public Records Unit, in regards to a subpoena requesting records on Naqis Crochran. The only records have been sealed and are not available. If you have any further questions contact the Public Records Unit." In their motion to compel, as in their response to the motion to quash discussed above, Plaintiffs assert that these documents must be produced because state law confidentiality privileges are inapplicable to this case.

In response, the City explains that the response to the subpoena recognizes that, as a matter of Ohio law, expunged sealed records shall be deemed not to exist. According to the City, the relevant statutory provisions are Ohio Rev. Code §2953.31 through §2953.36 and §2953.52 through §2953.61. Ohio Rev. Code §2953.32 applies to records sealed by a court post-conviction, and Ohio Rev. Code §2953.52 applies to records sealed by a court after a not guilty finding, dismissal of charges, or a no bill. There are limited reasons for circumventing such

orders. Further, it is unlawful for any officer or employee of the state or a political subdivision to release or make available an individual's sealed records. Ohio Rev. Code §2953.36(A)(2). The City cites to several cases where this Court has recognized that it is unlawful to release sealed records, including <u>McDonald v. Franklin County</u>, 2015 WL 7721187 (S.D. Ohio Nov. 30, 2015) and <u>Swecker v. Dublin City Sch. Dist.</u>, 2010 WL 518166 (S.D. Ohio Feb. 4, 2010). In conclusion, the City, citing to <u>Sheridan v. Kelly</u>, 2015 WL 1179928 (S.D. Ohio March 13, 2015), notes that sealed records are treated as if they do not exist and the appropriate remedy for a person seeking such records is to seek to have the records unsealed.

In reply, Plaintiffs contend that they are entitled to the subpoenaed documents notwithstanding the statutes noted by the City. They explain that this is so for several reasons: 1) the subpoena does not ask for sealed records; 2) the City does not claim to have sealed court records; 3) the City has not produced a court order; and 4) the records can be made available to Naqis Crochran because he is the subject of the records. Plaintiffs also argue that all of the case law cited by the City is distinguishable. Finally, they argue that their interest in the information outweighs any confidentiality considerations underlying these specific Ohio Revised provisions and that state law must yield to the full disclosure of all facts bearing upon their federal claims.

As explained above, there are a number of potentially conflicting provisions of rules and statutes that apply to this situation. It is this conflict that appears to drive the dispute rather than any challenge to the relevance of the subpoenaed documents. Consequently, the question is whether any applicable state law prohibitions should be recognized by a federal court as legitimate reasons for resisting a subpoena which calls for the

-10-

production of information relevant to a claim arising under federal law. Plaintiffs argue that they should not be. The Court does not agree.

Before addressing this issue at any length, however, the Court will briefly address Plaintiffs' other challenges to the City's position that sealed documents cannot be produced. To the extent Plaintiffs argue that they did not subpoena sealed documents, it does not appear from their motion to compel that they understood at the time the subpoena was issued that the documents were sealed. Further, to the extent that they contend that the City does not claim to have sealed records, that appears to be exactly what Mr. Hurst's response to the subpoena states. Additionally, Plaintiffs provide no authority for their position that the City was required to produce a copy of the court order sealing the documents in response to the subpoena. Finally, the Court does not believe, as Plaintiffs contend or to the extent that it might have an impact here, that Naqis Crochran is the subject of the records. Rather, the focus of the investigation, as described in the briefing, was Courtney N. Plummer. Consequently, none of these arguments serve to persuade the Court that the motion to compel should be granted.

Turning to the more substantive issue raised by Plaintiffs' motion, the statute in question is not merely a prohibition against disclosure of records. Rather, it calls for criminal penalties. This prevents the Court from merely analyzing the question under federal law and balancing the interests of state law privilege against the interests furthered by disclosure as was appropriate in considering the motion to quash above. This is so because the Court is also required to protect non-parties to the litigation from being unnecessarily burdened, oppressed, or harassed by discovery. See Fed.R.Civ.P. 26(c), 45(d)(3)

Plaintiffs explain that, as with the subpoenas to FCCS, they

are seeking this information because they were provided a copy of a letter by Franklin County Children Services concluding that an allegation of neglect of Naqis Crochran by Courtney Plummer was substantiated relating to an incident at South Mifflin STEM Academy. As set forth above, FCCS has been directed to produce responsive documents. Plaintiffs have not demonstrated that any additional information contained in these sealed records is essential to their claims. Further, they have not demonstrated that information contained in these sealed documents is not otherwise available.

Under these circumstances, the Court finds that it would be unnecessarily oppressive to require the City's Keeper of the Records, identified in the plaintiffs' motion as Sgt. John Hurst, to produce the requested documents in a way that might subject him to liability. Rather, as the City suggests, Plaintiffs' option is to apply to the court which sealed the records for an order unsealing them. Consequently, the motion to compel directed to the City will be denied.

V.

For the reasons set forth above, the motion to compel directed to defendants (Doc. 14) is granted in part and denied in part. The motion to quash filed by FCCS (Doc. 15) is denied. Any documents relating to reports or investigations regarding the Plaintiff withheld on the basis of Ohio Rev. Code §2151.421 or §5153.17 shall be produced to Plaintiffs without redaction as set forth above within seven days of the date of this order. The motion to compel directed to non-party City of Columbus (Doc. 18) is denied.

VI.

Motions for Reconsideration

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge