UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NAQIS CROCHRAN, by his next
best friend, Amatullah Shields, et al.,

    Plaintiffs,

v.

Case No. 2:15-cv-00632
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

COLUMBUS BOARD OF
EDUCATION, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 33) of the Magistrate Judge's Opinion and Order denying Plaintiffs' Motion to Compel (ECF No. 31). For the reasons that follow, the Court **OVERRULES** Plaintiffs' objections.

### I.

The Magistrate Judge provided the following relevant background information:

> Plaintiff Naqis Crochran is an autistic child and special education student attending South Mifflin STEM Academy. The complaint alleges that his rights were violated when he was placed in a "body sock" in what defendants claim was an effort to control his unruly behavior. He was injured as a result. Plaintiffs claim that the use of the sock was not in Naqis' [Individualized Education Program (IEP)] and that it constituted illegal restraint. Plaintiffs filed this case under 42 U.S.C. § 1983, the IDEA, the ADA, and the Rehabilitation Act. They also assert several state law claims. Plaintiffs named as defendants Columbus City Schools; Columbus Board of Education; Andrew Smith, the school principal; Courtney N. Plummer, an intermediate MD teacher; Mary Nicole Ramming, RN, the school nurse; and Miss Brooks and Laura Shearer, both identified as teachers.

(ECF No. 31 at 1–2.)

The parties have since engaged in discovery. On December 23, 2015, Plaintiffs issued a

subpoena to the Columbus Police Department, a nonparty, seeking records pertaining to the investigation of Courtney N. Plummer for the alleged child endangering of Crochran. (ECF No. 18-1 at PageID 174–75.) The subpoena was issued to the Keeper of Records and Officer Joshua Gantt at the police department, and specifically requested "Case file, case notes, summary, videos, recordings documents, pertaining to investigation of Courtney N. Plummer for Child Endangering charge involving child victim Naqis Crochran." (*Id.*) Sergeant John Hurst Jr. with the Columbus Police Special Victims Bureau responded to the request as follows: "I was contacted by our Public Records Unit, in regards to a subpoena requesting records on Naqis Crochran. The only records have been sealed and are not available. If you have any further questions contact the Public Records Unit." (ECF No. 18-1 at PageID 178.) On January 29, 2016, Plaintiffs filed a Motion to Compel asking the court to order the Columbus Police Department to produce the subpoenaed records. (ECF No. 18.) The City of Columbus filed a response in opposition (ECF No. 22), to which Plaintiffs replied (ECF No. 23).

Plaintiffs also issued a subpoena to nonparty Franklin County Children Services ("FCCS") seeking similar records of its investigation into the matter (ECF No. 18). FCCS had previously provided Plaintiffs with a copy of a letter dated March 27, 2013 from FCCS to Gene T. Harris at Columbus City Schools regarding "a report of alleged Neglect of Naqis Crochran by Courtney Plummer" which stated that "[a]fter all individuals were interviewed, the allegation of Neglect has been Substantiated." (ECF No. 16-1.) In response to Plaintiffs' subpoena seeking further information, the FCCS Board filed a Motion to Quash. (ECF No. 15.)

On April 27, 2016, Magistrate Judge Terence P. Kemp issued an Opinion and Order (ECF No. 31) resolving various discovery disputes between the parties, including an earlier Motion to Compel directed to Defendants (ECF No. 14), FCCS' Motion to Quash, and Plaintiffs' Motion to

Compel directed to Columbus Police. In his Opinion and Order, Judge Kemp granted in part and denied in part Plaintiffs' Motion to Compel discovery by the Defendants, denied Franklin County Children Services' Motion to Quash, and denied Plaintiffs' Motion to Compel the Columbus Police Department's records. Plaintiffs filed a Motion for Reconsideration of the Opinion and Order insofar as it denied Plaintiffs' Motion to Compel records from the Columbus Police Department.

## II.

This Court reviews an objection to a magistrate judge's decision on a nondispositive motion under 28 U.S.C. § 636(b)(1)(A). Under that statute, the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *See id.*; Fed. R. Civ. P. 72(a); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## III.

Plaintiffs' subpoena to the Columbus Police Department requested the case file "pertaining to investigation of Courtney N. Plummer for Child Endangering charge involving child victim Naqis Crochran." (ECF No. 18-1 at PageID 174–75.) The Columbus Police responded that all such files had been sealed and were therefore not available. (*Id.* at 178.) In responding to Plaintiffs' Motion to Compel, the Columbus Police cited Ohio Revised Code §§ 2953.32, 2953.52(B)(4), 2953.35(A)(2), and 2953.53(D)(1) as the basis for not providing the sealed records. Section 2953.32 empowers a court to seal criminal conviction records and § 2953.52(B)(4) gives the

power to seal case records in which "a criminal complaint against a person is dismissed, or where the person is found not guilty after a trial." If such records are sealed, the proceedings in the case "shall be deemed not to have occurred." Ohio Rev. Code § 2953.52(B)(4); *see also* § 2953.32(C)(2). Section 2953.36 criminalizes the disclosure of such sealed records by any officer or employee of the state as a misdemeanor of the fourth degree. However, § 2953.53(D)(1) does provides for the limited inspection of such records "to the person who is the *subject of the records* upon written application, and to any other person named in the application, for any purpose." (emphasis added). Judge Kemp concluded that Plaintiffs did not meet the limited excepted under 2953.53(D)(1) because Courtney Plummer was the subject of the records, not Naqis Crochran. Further, he found that a standard weighing of the parties' interests was not prudent because the statute did not merely prohibit disclosure; it called for criminal penalties. Ultimately, Plaintiffs had failed to demonstrate that the records were essential to their claims or that the information was not otherwise available.

### A. State Law Privilege

Plaintiffs first object to the application of Ohio Revised Code § 2953 to their discovery request, arguing that their subpoena didn't specifically request sealed or criminal conviction records. (Pl. Mot. at 6, ECF No. 33.) Judge Kemp addressed this argument in his Opinion and Order, stating that "it does not appear from their motion to compel that they understood at the time [] the subpoena was issue[d] that the documents were sealed." (Op. at 11, ECF No. 31.) Despite not asking for sealed records, Columbus Police informed Plaintiffs that any responsive records it had requested were in fact sealed.

Plaintiffs next object on the grounds that the "City of Columbus never produced or even alleged the existence of a court order that sealed the subpoenaed documents." (Pl. Mot. at 7, ECF No. 33.) Judge Kemp disagreed that Columbus Police was obligated to produce the actual court

4

order in its response, adding that "Plaintiffs provide no authority for their position that the City was required to produce a copy of the court order sealing the documents in response to the subpoena." (Op. at 11; ECF No. 33.) Although Plaintiffs argue that this conclusion was "clearly erroneous," they again failed to provide any authority in support of their position. (Pl. Mot. at 7, ECF No. 33.)

Plaintiffs further object to the Magistrate Judge's finding that Courtney Plummer was the subject of records, not Crochran, and therefore that Crochran could not request to unseal the records under § 2953.53(D)(1). In support, Plaintiffs cite *Swecker v. Dublin City Sch. Dist.*, No. 2:08-cv-0746, 2010 WL 518166, at *2 (S.D. Ohio Feb. 4, 2010) (Kemp, M.J.), in which the plaintiff subpoenaed "[a]ll documents and files pertaining to the Sharon Swecker investigation" from the Dublin Police Department. The police department filed a motion to quash because the records were purportedly sealed. Judge Kemp called the motion to quash a "false dilemma" because the plaintiff, Swecker, was the subject of those records, and could access them under the "subject of the records" exception under § 2953.53(D)(1). In other words, because Swecker was the target of the investigation, not the victim or some other party involved, she could lawfully request that the investigative file be sealed and also seek to unseal the records. *Id.* at *1. Plaintiffs also cite *City of Akron v. Frazier*, 142 Ohio App. 3d 718 (Ohio Ct. App. 2001). There, Frazier was also the target of a criminal investigation who sought to unseal his records in a subsequent and related civil suit he initiated. The Ohio court found that Frazier need not subpoena his criminal records since he was the subject of the investigation and could obtain the records under § 2953.53(D)(1)). *Id.* ("In reading R.C. 2953.53, it is clear that the legislature did not want 'any person' to have access to sealed official records.") Lastly, in *State v. Vanzandt*, 28 N.E.3d 1267, 1268 (Ohio 2015), the Ohio Supreme Court ruled that the state could not itself unseal Vanzandt's

sealed records in order to pursue new criminal charges against him. Finding that the state's request did not meet any of the exceptions under § 2953.53(D), it held "that the court does not have discretion to create additional exceptions to permit access to sealed records." *Id.*

These cases make evident that the "subject" of the records under § 2953.53(D)(1) is the person targeted for prosecution, not the victim or other parties involved. This exception allows certain individuals under investigation to limit outside access to their files but still maintain access for their own limited purposes, such as use in a related civil suit. *See Swecker*, at *3 ("[T]he prohibition against disclosure is clearly intended to protect the privacy interests of the subject of the investigation."). Here, Courtney Plummer was the "subject" of the investigation, not Crochran. Although Plaintiffs limited the requested investigation files of Courtney N. Plummer to those "involving child victim Naqis Crochran," this narrowed wording does not resolve the issue. Any responsive materials would still be a part of the larger sealed file and inaccessible to Plaintiffs under § 2953.53(D)(1). Therefore the Magistrate Judge's conclusion on this point was not clearly erroneous or contrary to law. As to Plaintiffs' state law claims, this conclusion is compelled by Federal Rule of Evidence 501, which explains that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

**B. Federal Law Privilege**

Even if Ohio law prohibited disclosure of the requested records, state law privilege is ultimately not controlling in federal question cases. *Freed v. Grand Court Lifestyles, Inc.*, 100 F. Supp. 2d 610, 612 (S.D. Ohio 1998). Under Federal Rule of Evidence 501, questions of privilege "shall be governed by principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Hancock v. Dodson*, 958 F.2d 1367, 1372–73 (6th Cir. 1992). Thus, while a district court may be informed by state law privilege, it ultimately

6

follows federal common law on federal law claims. *Keen*, 581 F.Supp.3d at 894 (citing *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992)). Under federal common law, a district court balances the policy interests of state law privilege against the policy interests served by allowing access to the requested information. *In re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983); *Keen*, 581 F. Supp. 3d at 894.

Plaintiffs argue that their interests in obtaining the sealed records outweigh their disclosure in violation of state law. Judge Kemp explained that ordinarily state law privilege would give way to federal common law favoring production if the two conflicted. However here, there is a strong interest in recognizing state law privilege where it calls for criminal penalties. *See Swecker*, at *3 ("Were the statute in question simply a prohibition against disclosure of records which did not call for criminal penalties, the Court would have little difficulty in concluding that the state law did not control . . ."). This view is informed by the contrasting subpoena issued by Plaintiffs to FCCS for related records. In granting Plaintiffs' Motion to Compel, Judge Kemp ordered FCCS to produce the records despite Ohio Revised Code § 5153.17 making such records confidential. Unlike § 5153.36 concerning sealed criminal records, § 5153.17 does not impose criminal penalties for disclosure. Without the threat of criminal sanction, the balance of interests there weighed in favor of discovery to Plaintiffs. The subpoena here is distinguishable. Judge Kemp explained that "the Court is also required to protect non-parties to the litigation from being unnecessarily burdened, oppressed, or harassed by discovery." (Op. at 11, ECF No. 31 (citing Fed. R. Civ. P. 26(c), 45(d)(3)).) Subjecting officers of non-party Columbus Police to potential criminal penalties if ordered to produce the records would be "unnecessarily oppressive." (*Id.* at 12.) Judge Kemp found that Plaintiffs failed to demonstrate that the information contained in the requested records was essential to their claims or that the information was unavailable elsewhere.

Plaintiffs nonetheless object, and argue that their interests in the subpoenaed records outweigh the risks of disclosure. They contend they are entitled to discover the requested records to support their claims. Plaintiffs cite the March 27, 2013 letter by FCCS to Gene T. Harris that stated "the allegation of Neglect has been Substantiated" as the basis for their discovery request. Having granted Plaintiffs' motion to compel similar records from FCCS, Judge Kemp explained that "Plaintiffs have not demonstrated that any additional information contained in these sealed records is essential to their claims" or is "not otherwise available." (Op. at 12, ECF No. 31.) Finally, Judge Kemp noted that Plaintiffs remain free to apply to the court that sealed the records for an order to unseal them. While the Court is not compelled to follow state law privilege with respect to Plaintiffs' federal law claims, Plaintiffs have not provided any additional factual or legal authority showing that their interests outweigh those harmed by allowing access to the records.

This Court finds that the Magistrate Judge's decision denying Plaintiffs' Motion to Compel certain discovery as unnecessarily oppressive is not clearly erroneous or contrary to law.

### IV.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's' objections to the Magistrate Judge's Opinion and Order set forth in their Motion for Reconsideration.

**IT IS SO ORDERED.**

10-14-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**